UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TELAMON CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:15-cv-01446-RLY-DML |
| | ) | |
| CHARTER OAK FIRE INSURANCE COMPANY and ST. PAUL FIRE AND MARINE INSURANCE COMPANY, | ) ) ) ) | |
| Defendants. | ) | |

**ENTRY ON DEFENDANTS' MOTION TO DISMISS**

Defendants, the Charter Oak Fire Insurance Company and St. Paul Fire and Marine Insurance Company, move to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, charging Plaintiff, Telamon Corporation, with improper "claim splitting." For the reasons set forth below, the motion is **GRANTED**.

**I.   Background**

Telamon suffered a loss of over five million dollars resulting from the alleged theft of Telamon's property and inventory by its Vice-President of Major Accounts, Juanita Berry. In *Telamon Corp. v. Charter Oak Fire Ins. Co. and Travelers Cas. and Surety Co. of Am.*, 1:13-cv-382-RLY-DML ("Telamon I"), Telamon sought coverage under two insurance policies: (1) a commercial property policy issued by Charter Oak Fire Insurance Company covering the period October 1, 2010 to October 1, 2011, and (2)

1

a crime insurance policy issued by Travelers Casualty and Surety Company of America covering the period October 1, 2010 to October 1, 2013.  The Telamon I Complaint included four counts: breach of contract under the Charter Oak policy; breach of contract under the Travelers policy; bad faith denial of coverage and bad faith claims investigation against Charter Oak; and bad faith denial of coverage and bad faith claims investigation against Travelers.  On June 26, 2014, Telamon moved for leave to amend the Complaint to add St. Paul Fire and Marine Insurance Company as a party defendant and to add a Charter Oak policy covering the period October 1, 2009 to October 1, 2010, and two St. Paul property insurance policies covering the periods October 1, 2007 to October 1, 2008, and October 1, 2008 to October 1, 2009.  The proposed amended Complaint ("PAC") includes the same claims as the initial Complaint against Charter Oak and Travelers, and adds identical claims for breach of contract and bad faith under the 2009-2010 Charter Oak Policy, the 2007-2008 St. Paul Policy, and the 2008-2009 St. Paul Policy.  The PAC further alleges that Charter Oak, Travelers, and St. Paul are all "Travelers subsidiar[ies] or affiliated compan[ies]."  (Filing No. 148-1, ¶¶ 2-4).

On March 31, 2015, the Magistrate Judge denied the motion for leave to amend for two reasons.  First, the Magistrate Judge determined that Telamon had not shown sufficient good cause under Rule 16 of the Federal Rules of Civil Procedure to excuse the late filing.  She explained:

> Telamon knew even before this litigation began (a) that it had been insured under a Charter Oak policy covering a one-year period immediately before the term of the 2010-11 Policy that is the subject of this case; (b) that it had been insured by other policies by a different insurer even before the Charter Oak policies; (c) the contents of these other policies; (d) the theft losses may

2

>have begun as early as October 2006; (e) its proof of loss statement made a claim only on the 2010-11 Charter Oak Policy, or at least Charter Oak had interpreted the loss claim to include only the 2010-11 policy period; and (f) Charter Oak had rejected its claim in part on the ground that losses outside the 2010-11 Charter Oak Policy were not covered.

(Filing No. 183 at 2-3).  Second, the Magistrate Judge determined that judicial economy under Rule 15 would not be served by allowing the amendment.  She noted that discovery was substantially complete with respect to the breach of contract claims, the parties should be ready to file summary judgment motions or go to trial on those claims, and that the addition of these new policies would require additional discovery and raise new and different legal issues such as the statute of limitations and estoppel theories.  (*Id*. at 3-4).  On April 14, 2015, Telamon filed an Objection, which the court overruled.  (Filing Nos. 185, 189).

On August 12, 2015, Telamon filed a Complaint against Charter Oak[1] and St. Paul asserting the same claims it sought to add in Telamon I.  *See Telamon Corp. v. Charter Oak Fire Ins. Co. and St. Paul Fire and Marine Ins. Co.*, 1:15-cv-1446-RLY-DML ("Telamon II").

## II. Discussion

The doctrine of claim-splitting precludes a plaintiff from alleging claims that arise from the same transaction or events that underlie claims brought in a previous lawsuit.  *See Carr v. Tillery*, 591 F.3d 909, 913-14 (7th Cir. 2010).  In this sense, the rule against claim splitting is based on the same principles as *res judicata* and bars not only those

---

[1] Like Telamon I, this new lawsuit was originally filed in Hamilton Superior Court and subsequently removed to the district court.

issues that were actually decided in a prior lawsuit, but also all issues which could have been raised in that action. *Barr v. Bd. of Trustees of W. Ill. Univ.*, 796 F.3d 837, 839 (7th Cir. 2015); *see also Palka v. City of Chicago,* 662 F.3d 428, 437 (7th Cir. 2011) ("This case is a quintessential example of claim splitting in duplicative lawsuits, a litigation tactic that [the] res judicata doctrine is meant to prevent."); *Wilson v. City of Chicago,* 120 F.3d 681, 687 (7th Cir.1997) ("Two claims arising from the same facts are one claim for res judicata purposes, and may not be split . . . by making each claim the subject of a separate suit . . . ."). Unlike traditional claim preclusion, however, the bar against claim splitting can be applied before either action reaches a final judgment on the merits. *See Trading Tech. Int'l, Inc. v. BCG Partners, Inc.,* No. 10 C 715, 2011 WL 3157304, at *3 (N. D. Ill. July 26, 2011) ("The prohibition against claim splitting is application of familiar claim preclusion principles to two actions that are pending simultaneously but neither has reached final judgment.") (citation omitted); *Kim v. Sara Lee Bakery Group, Inc.,* 412 F. Supp. 2d 929, 941 (N. D. Ill. 2006) ("Unlike res judicata, . . . courts have applied the doctrine of claim splitting before there is a final judgment in a prior action.").

The doctrines of claim splitting and res judicata promote judicial economy and shield parties from duplicative litigation. *Katz v. Gerardi*, 655 F.3d 1212, 1218 (10th Cir. 2011). "But claim splitting is more concerned with the district court's comprehensive management of its docket, whereas res judicata focuses on protecting the finality of judgments." *Id*. (citing Wright & Miller, 18A FEDERAL PRACTICE AND PROCEDURE JURISDICTION § 4406).

As alluded to above, "the test for claim splitting is not whether there is finality of judgment, but whether the first suit, assuming it were final, would preclude the second suit." *Id.* Claim splitting therefore applies if: (1) the second claim is based on the same transaction or occurrence as the first claim and there is (2) an identity of parties or their privies. *See, e.g., Palka*, 662 F.3d at 437; *Tartt v. NW Comm. Hosp.*, 453 F.3d 817, 822 (7th Cir. 2006); *Trading Tech. Int'l,* 2011 WL 3157304, at *3 (citation omitted); *see also Kim,* 412 F.Supp.2d at 941 ("[A] party must bring in one action all legal theories arising out of the same transaction or series of transactions.") (quoting *Am. Stock Exchange, LLC v. Mopex, Inc.,* 215 F.R.D. 87, 91 (S.D.N.Y. 2002)). In determining whether the parties share privity, the court looks to whether the parties share an identity of interest in the subject matter of the litigation. *Huon v. Johnson & Bell, Ltd.*, 757 F.3d 556, 559 (7th Cir. 2014); *see also Tice v. Am. Airlines, Inc.*, 162 F.3d 966, 971 (7th Cir. 1998).

The court finds Telamon II is based on the same set of operative facts and/or occurrences as Telamon I. Telamon I and II allege that Berry perpetrated the same scheme to steal Telamon's property, and both Telamon I and II assert the same causes of action – breach of contract and bad faith – and seek recovery of the same damages based on the same theories. Furthermore, the Complaints in Telamon I and II are nearly identical. The only difference between the two causes of action are the policies at issue and the addition of St. Paul. And the Complaint in Telamon II is nearly identical to Telamon's PAC in Telamon I, which the court disallowed because Telamon could and should have timely asserted those claims in Telamon I based on the knowledge Telamon possessed even before it filed the Complaint in Telamon I.

The court further finds that Charter Oak and St. Paul share a sufficiently close identity of interests such that they are privies for purposes of claim preclusion. Both Charter Oak and St. Paul are 100% wholly-owned subsidiaries of The Travelers Companies. (*See* Filing Nos. 12, 13). The Complaint in Telamon II refers to Charter Oak and St. Paul collectively as "Travelers," and alleges that both Charter Oak and St. Paul are affiliates of "Travelers." (Filing No. 7-2, Intro. and ¶¶ 2-4). In fact, the Telamon II Complaint alleges that St. Paul had constructive notice of the loss through notice to the Charter Oak claims' adjuster, and that Charter Oak's denial of the claim constituted denial of the claim by St. Paul. (*Id*. ¶¶ 31, 36, 42). And, Charter Oak and St. Paul are represented by the same counsel in Telamon II that represented Charter Oak in Telamon I.

In conclusion, the claims based on the Charter Oak and St. Paul policies at issue in Telamon II could have been brought in Telamon I. Telamon did not timely assert these claims, and it cannot now circumvent the court's ruling denying its motion for leave to amend in Telamon I by filing the present lawsuit. *See Dorsey v. Jacobson Holman PLLC*, 764 F. Supp. 2d 209, 213 (D.D.C. Cir. 2011) ("Having been denied the right to amend the *Dorsey I* complaint, however, does not grant Ms. Dorsey the right to file *Dorsey II*; she has no right to maintain two separate actions involving the same subject matter at the same time in the same court against the same defendant." (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3rd Cir. 1977))). *See also Sensormatic Sec. Corp. v. Sensormatic Electronics Corp.*, 329 F. Supp. 2d 574, 579 (D. Md. 2004) (noting that "the doctrine of claim splitting applies to bar a plaintiff from filing a new lawsuit after the

court in an earlier action denied leave to amend the complaint to add those claims"). Accordingly, the doctrine of claim splitting bars Plaintiff's breach of contract and bad faith claims against Charter Oak and St. Paul in the present action.

### III. Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6) (Filing No. 16) is **GRANTED**.


**SO ORDERED** this 5th day of January 2016.

                                                                         _____
                                                                         RICHARD L. YOUNG, CHIEF JUDGE
                                                                         United States District Court
                                                                         Southern District of Indiana


Distributed Electronically to Registered Counsel of Record.